1  STEVEN T. GUBNER – Bar No. 156593
   COREY R. WEBER – Bar No. 205912
2  **EZRA BRUTZKUS GUBNER LLP**
   21650 Oxnard Street, Suite 500
3  Woodland Hills, CA  91367
   Telephone:  818.827.9000
4  Facsimile:   818.827.9099
   Emails:      sgubner@ebg-law.com
5               cweber@ebg-law.com

6  Special Litigation Counsel for Howard M. Ehrenberg,
   Chapter 7 Trustee

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11 | In re | Case No. 2:09-bk-19539-ER |
12 | | Chapter 7 |
   | RUDERMAN CAPITAL PARTNERS, LLC, | |
13 | | Adv. No. |
14 | Debtor. | |
   | | **COMPLAINT TO AVOID AND** |
15 | EIN No. xxx-0994 | **RECOVER FRAUDULENT TRANSFERS** |
   | | **[11 U.S.C. §§ 544, 548(a)(1)(A) and (B),** |
16 | | **550(a)(1) and (2) and California Civil Code** |
   | HOWARD M. EHRENBERG, CHAPTER 7 | **§ 3439, *et seq.*]** |
17 | TRUSTEE, | |
18 | Plaintiff, | **Status Conference:** |
   | | Date:   To be set. |
19 | v. | Time:   To be set. |
   | | Place:  Courtroom 1568 |
20 | JOHN MONTEVERDE, an individual, and | United States Bankruptcy Court |
   | CYNTHIA MONTEVERDE, an individual, | 255 E. Temple Street |
21 | | Los Angeles, CA  90012 |
   | Defendants. | |
22

284175

**TO DEFENDANTS JOHN MONTEVERDE AND CYNTHIA MONTEVERDE:**

Plaintiff, Howard M. Ehrenberg, Chapter 7 Trustee (the "Trustee") acting on behalf of the estate (the "Estate") of Debtor Ruderman Capital Partners, LLC (the "Debtor"), complaining of defendants John Monteverde, an individual and Cynthia Monteverde, an individual (collectively referred to herein as "Defendants"), alleges as follows:

## STATEMENT OF JURISDICTION AND PROCEEDINGS

1. On or about April 23, 2009 (the "Petition Date"), petitioning creditors Pacific Credit Corporation, Ryan Wald and the Jordan and Dori Katz Family Trust of 2006 filed an involuntary petition under Title 11, Chapter 7 of the United States Code. The Order for Relief on the involuntary petition was entered by the Court on May 27, 2009.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(1) and (2)(H). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtor's case under Title 11, Chapter 7 of the United States Code that is still pending.

3. The notice of appointment of Howard M. Ehrenberg as Chapter 7 Trustee and fixing of bond and acceptance of appointment was executed by the Trustee on or about June 5, 2009 and was filed with the Court the same day (the "Order Appointing the Trustee"). The Trustee has standing to bring this adversary proceeding on behalf of the Estate pursuant to the Order Appointing the Trustee.

4. This Complaint seeks to recover for the benefit of the Estate property fraudulently transferred by the Debtor to Defendants.

5. The Trustee is informed and believes, and based thereon alleges, that Defendants are individuals who, at all times herein mentioned, conducted business in, and/or resided in, the Central District of California.

## GENERAL ALLEGATIONS

6. The Trustee is informed and believes, and based thereon alleges, that the Debtor, was a hedge fund with its principal place of business in Beverly Hills, California, operated by its manager, Ruderman Capital Management, LLC ("RCM") and by RCM's managing member, Bradley L. Ruderman ("Ruderman").

## RUDERMAN'S ARREST AND GUILTY PLEA IN RELATION TO OPERATING THE DEBTOR AS A PONZI SCHEME, AMONG OTHER THINGS

7. The Trustee is informed and believes, and based thereon alleges, that on or about May 14, 2009, the United States Department of Justice filed a criminal complaint against Ruderman for knowingly and intentionally executing a scheme to defraud investors related to the Debtor, engaging in wire fraud, among other things (United States District Court Case No. CR 0900757, pending in the Central District of California, Western Division). The Trustee is further informed and believes, and based thereon alleges that Ruderman surrendered to Federal Bureau of Investigation agents following the criminal charges.

8. The Trustee is informed and believes, and based thereon alleges, that on or about August 6, 2009, the United States Department of Justice filed further information regarding five counts against Ruderman for wire fraud (two separate counts), investment advisor fraud (two separate counts), and willful failure to file a tax return (one count). Among other things, the filing by the Department of Justice alleged that "Defendant RUDERMAN would not invest the money entrusted to him by victim-investors as he had promised to do. Instead, without informing the victim-investors or obtaining their authorization, defendant RUDERMAN would use the victim-investor funds to make "interest" payments and returns of capital to other victim-investors; to fund cash disbursements to himself; to fund his gambling activities; and to pay his own personal expenses and obligations arising from other business activities."

9. The Trustee is informed and believes, and based thereon alleges, that on or about August 24, 2009 Ruderman pleaded guilty to all five criminal counts against him. The Trustee is further informed and believes, and based thereon alleges that Ruderman was sentenced by the District Court on or about January 11, 2010 to more than 10 years in federal prison.

10. The Trustee is informed and believes, and based thereon alleges, that the Debtor was a Ponzi scheme where incoming funds from investors in, and members of, the Debtor, were used to keep the operation going, to make distributions to other investors, and to pay for Ruderman's personal expenses and gambling. As part of the Ponzi scheme, certain of the funds invested in the Debtor by investors were transferred to persons and entities, such as Defendants, who were not entitled to receive the transfers.

### THE DEFENDANT'S CONNECTION WITH THE DEBTOR

11. The Trustee is informed and believes that the Defendants did not have any contractual or other relationship with the Debtor, that the Defendants were not members of, investors in, or creditors of, the Debtor, and that the Defendants improperly received funds of the Debtor. The Trustee is further informed and believes that the Defendants received funds from the Debtor as payments for the private placements and or equity investments handled by Bradley Ruderman as a broker, and that the transfers to Defendants were not authorized or legal uses of the funds of the Debtor, and were paid for from funds of investors in, and members of, the Debtor.

### FIRST CLAIM FOR RELIEF
### AVOIDANCE OF FRAUDULENT TRANSFER
### AGAINST DEFENDANTS (ACTUAL INTENT)
### [11 U.S.C. § 544 and California Civil Code §§ 3439.04(a) and 3439.07]

12. The Trustee repeats and realleges the allegations in above paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. The Trustee is informed and believes and thereon alleges that during the seven-year period immediately preceding the Petition Date, the Debtor made transfers of the Property listed in **Exhibit "A"** attached hereto and incorporated herein by this reference (the "7-Year Transfers") to the Defendants on the dates and in the amounts set forth therein with the actual intent to delay, hinder or defraud the Debtor's creditors.

14. By reason of the foregoing, the 7-Year Transfers are avoidable pursuant to 11 U.S.C. § 544 and Civil Code § 3439.04(a) and 3439.07.

## SECOND CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFERS

## AGAINST DEFENDANTS (CONSTRUCTIVE FRAUD)

[11 U.S.C. § 544 and California Civil Code §§ 3439.04(b) or 3439.05 and 3439.07]

15. The Trustee realleges each and every allegation contained in paragraphs 1 through 11 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

16. The Trustee is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date the Debtor made transfers of the Property listed in **Exhibit "B"** attached hereto and incorporated herein by this reference (the "4-Year Transfers"). Each of the 4-Year Transfers (*see* Exhibit "B") was made (a) without Debtor receiving a reasonably equivalent value in exchange for such transfer; and (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii), at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured..

17. By virtue of the foregoing, the 4-Year Transfers constituted fraudulent transfers pursuant to 11 U.S.C. § 544 and Civil Code §§ 3439.04(b) or 3439.05 and 3439.07.

## THIRD CLAIM FOR RELIEF

## RECOVERY OF AVOIDED TRANSFERS AGAINST ALL DEFENDANTS

[11 U.S.C. §§ 544, 550(a)(1) and (2) and/or California Civil Code § 3439.07]

18. The Trustee realleges each and every allegation contained in paragraphs 1 through 11 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

19. By reason of the foregoing, the Trustee is entitled to recover for the benefit of the Estate the 7-Year Transfers and the 4-Year Transfers from the Defendants pursuant to 11 U.S.C. §§ 544, 550(a)(1); and/or (2) Civil Code § 3439.07.

**WHEREFORE**, The Trustee respectfully prays for judgment against the Defendants as follows:

1. On the first claim for relief, that the 7-Year Transfers be avoided for the benefit of the Estate;

2. On the second claim for relief, that the 4-Year Transfers be avoided for the benefit of the Estate;

3. On the third claim for relief, for relief as follows:

- to recover the value of the 7-Year Transfers from John Monteverde and Cynthia Monteverde, for the benefit of the Estate in the amount of $12,050.00, plus interest at the maximum legal rate from the date of the 7-Year Transfers, or such other amount as shall be shown by proof prior to judgment herein;

- to recover the value of the 7-Year Transfers from John Monteverde for the benefit of the Estate in the amount of $21,011.00, plus interest at the maximum legal rate from the date of the 7-Year Transfers, or such other amount as shall be shown by proof prior to judgment herein;

- to recover the value of the 4-Year Transfers from John Monteverde and Cynthia Monteverde for the benefit of the Estate in the amount of $12,050.00, plus interest at the maximum legal rate from the date of the 4-Year Transfers, or such other amount as shall be shown by proof prior to judgment herein;

- to recover the value of the 4-Year Transfers from John Monteverde and Cynthia Monteverde for the benefit of the Estate in the amount of $21,011.00, plus interest at the maximum legal rate from the date of the 4-Year Transfers, or such other amount as shall be shown by proof prior to judgment herein;

4. On all claims for relief; that the Trustee be awarded costs incurred in connection with this action;

1      5.     For such other and further relief as this Court deems just and proper.

3   DATED: July 21, 2010          Respectfully submitted,

**EZRA BRUTZKUS GUBNER LLP**

By: /s/
STEVEN T. GUBNER
COREY R. WEBER
Special Litigation Counsel for Plaintiff,
Howard M. Ehrenberg,
Chapter 7 Trustee

## EXHIBIT A

### 7-YEAR TRANSFERS

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 6/28/2005 | John Monteverde and Cynthia Monteverde | $12,050.00 |
|  |  |  |

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 12/12/2005 | Dr. John Monteverde | $21,011.00 |
|  |  |  |

*145742*

## EXHIBIT B
### 4-YEAR TRANSFERS

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 6/28/2005 | John Monteverde and Cynthia Monteverde | $12,050.00 |
|  |  |  |

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 12/12/2005 | Dr. John Monteverde | $21,011.00 |
|  |  |  |

*145742*

EXHIBIT "B"    9

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| STEVEN T. GUBNER - Bar No. 156593<br>COREY R. WEBER - Bar No. 205912<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Tel: 818.827.9000<br>Fax: 818.827.9099<br>Emails: sgubner@ebg-law.com; cweber@ebg-law.com<br>*Attorney for Plaintiff*  Howard M. Ehrenberg, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: RUDERMAN CAPITAL PARTNERS, LLC | CHAPTER 7 |
|---|---|
| | CASE NUMBER  2:09-bk-19539-ER |
| Debtor. | ADVERSARY NUMBER |
| HOWARD M. EHRENBERG, Chapter 7 Trustee,<br><br>vs.  Plaintiff(s),<br>JOHN MONTEVERDE, an individual, and CYNTHIA MONTEVERDE, an individual,<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By:_____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

**F 7004-1**
F70041

FORM B104 (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE | **DEFENDANTS** JOHN MONTEVERDE, AN INDIVIDUAL, and CYNTHIA MONTEVERDE, AN INDIVIDUAL |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>COREY R. WEBER / EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91360  / Tel: 818-827-9000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[X] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Avoid and Recover Fraudulent Transfers [11 U.S.C. Sections 544, 548(a)(1)(A) and (B), 550(a)(1) and (2) and California Civil Code Sections 3439, et seq.]

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other  Cal. Civil Code Sections 3439, et seq. fraudulent transfer

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – imposition of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ $33,061.00 |

Other Relief Sought

CCD-B104

FORM B104 (08/07), page 2                                                                                              2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> RUDERMAN CAPITAL PARTNERS, LLC | **BANKRUPTCY CASE NO.** <br> 2:09-bk-19539-ER |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL DISTRICT | **DIVISIONAL OFFICE** <br> LOS ANGELES DIVISION | **NAME OF JUDGE** <br> THE HONORABLE ERNEST M. ROBLES |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

| DATE <br> July 21, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> EZRA BRUTZKUS GUBNER LLP, by: COREY R. WEBER |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.